## J. C. TERRY *v.* HENRY GEORGE.

1. VENDOR AND VENDEE: RIGHT OF ASSIGNEE OF PURCHASE-MONEY TO SUBJECT THE
   LAND TO HIS DEBT, WHERE A TITLE-BOND HAS BEEN EXECUTED —The assignee of
   notes given for the purchase-money of land, where no deed, but only a bond for
   title, has been executed, may proceed in equity to have the land sold for the
   payment of the debt. See *Tanner* v. *Hicks*, 4 S. & M. 294.
2. SAME: WHERE VENDOR MAY COLLECT A PART OF PURCHASE-MONEY WITHOUT
   TENDERING A DEED.—Where a bond has been executed by the vendor to make a
   deed upon payment of the purchase-money, he is not bound to make a deed
   until all of the purchase-money is paid; and hence, if the purchase-money is
   payable in instalments, falling due at different times, he may proceed in law
   or equity to collect any of the instalments after they are due, except the last,
   without offering to make a deed.

APPEAL from the Chancery Court of Tishemingo county. Hon.
Joel M. Acker, judge.

*Yerger* and *Rucks*, for appellant.

*Arnold* and *Hill*, for appellee.

HARRIS, J., delivered the opinion of the court.

The assignors of plaintiff in error sold a tract of land to the
defendant in error, and to secure the payment, the defendant exe-
cuted his two notes for $50 dollars each, one due in twelve months,
and the other in twenty-four months from their date; simultaneously
therewith the vendors executed their title-bond, obligating them-

selves to make title on full payment of the purchase-money. Afterwards the vendors sold and delivered the notes to the complainant and plaintiff in error, who filed this bill to rescind the contract of sale, or to subject the land to the payment of the purchase-money. Only one of the notes is alleged to be due.

To this bill a demurrer was filed:

1. Because defendant is not bound to accept title from complainant, who is the assignee of his vendor.

2. Because there was no assignment of the notes in writing to complainant.

3. Because the bill does not show performance, or an offer to perform the contract by the vendors, or the assignee, so as to put the defendant in default.

4. That the bill does not show that complainant notified the defendant of the assignment to him before suit.

5. That one of the notes is not yet due; and other causes.

The demurrer was sustained by the court below, and the cause brought here by writ of error.

The demurrer should not have been sustained on any of the grounds taken.

This is not a case of mutual and dependent covenants. The vendee, or his assignor, was entitled to payment of the first note beyond question, when it fell due, without any act on his part. The payment of the first note, by the terms of the contract, was to be made twelve months before the vendor stipulated by his bond to make titles. The bill was therefore proper, so far as it seeks to collect the first note by subjecting the land to its payment, though not sufficient in its allegations to ask a rescission of the contract.

That the assignee may proceed in equity to subject the land to the payment of his debt, was decided by this court in *Tanner* v. *Hicks*, 4 S. & M. 294.

The bill should not therefore have been dismissed, but the court should have proceeded to decree the relief to which the complainant might show himself entitled on the hearing, though he might not be entitled to the full measure of relief sought by his bill.

Let the judgment be reversed, demurrer overruled, and cause remanded for further proceedings.