————o————

JEREMIAH X. MITCHELL, Respondent, vs. THOMAS McMULLEN, Appellant.

1. *Administrator's sale—Purchase through third party by person who was administrator—Title acquired, etc.*—The title to land sold at an administrator's sale and deeded by the purchaser for a nominal consideration to the person who administered, is voidable, if timely steps are taken to set it aside, but is not absolutely void.

2. *Land and land titles—Purchaser of land not relieved against payment of purchase money for mere defect of title.*—A purchaser of land who has taken a conveyance with covenants of title, and is in undisturbed possession, will not be relieved against the payment of the purchase money, on the mere ground of defect of title, there being no fraud or false representations as to the title, and no eviction. (Connor vs. Eddy, 25 Mo., 75.)

*Appeal from Chariton Court of Common Pleas.*

*Geo. W. Easley, with Casper W. Bell*, for Appellant.

I. The evidence and finding of the court both showing two-ninths of the title to be outstanding, and the plaintiff insolvent, the contract should have been rescinded. When the legal title cannot be conveyed and the vendee must resort to a court of equity to establish his title, notwithstanding the

conveyance of all the rights of the vendor the court will not compel him to pay the purchase money.    (Hill. on Vend., [2 Ed.] p. 244; Bank, &c. vs. Hagner, 1 Pet., 455.)    The vendee cannot be compelled to take a doubtful title; and a title is doubtful when other persons may fairly question it. (Hill. Vend., [2 Ed.] p. 210, § 3.)

*Kinley & Kinley*, for Respondent.

I. Before the court will grant the relief sought by appellant, it must conclusively appear that Mitchell willfully made false statements concerning the title to said property with intent to cheat and defraud McMullen ; that McMullen relying solely upon these representations, purchased said property, and was injured by reason of said representations being untrue.    (Cooley vs. Rankin, 11 Mo., 643, 645, 646 ; Langdon vs. Green, 49 Mo., 363, 368, *et seq.* ; Exchange Bank vs. Russell, 50 Mo., 531, 535 ; Holland vs. Anderson, 38 Mo., 55 ; Bryan vs. Hitchcock, 43 Mo., 527 ; Corry vs. Keyser, 30 Ind., 214 ; Drake vs. Latham, 50 Ill., 270 ; Manny vs. Eaton, 3 Humph., 347 ; Slaughter vs. Green, 13 Wall. [U. S.] 379; Meyer vs. Armidon, 45 N. Y., 169 ; 40 N. Y., 562 ; Taylor vs. Scoville, 54 Barb., 34.)

II. Equity will not enjoin the collection of notes for price of land sold, after execution of deed, on account of failure of title, without eviction of purchaser, actual or constructive, by purchase of outstanding title, unless fraudulent practices in the sale of said property and fraudulent representations concerning the title to the property sold, are clearly proved to have been resorted to by the vendor and payee of said notes. (Abbott vs. Allen, 2 Johns. Ch., 522; Edington vs. Mix., 49 Mo., 134; Wheeler vs. Standley, 50 Mo., 509 ; Norman vs. Wells, 17 Wend., 160 ; Mitchell vs. Warner, 5 Conn., 497, 522 ; Hanson vs. Buckner, 4 Dana, [Ky.] 254 ; Upshaw vs. Debow, 7 Bush, 442; Potter vs. Taylor, 7 How., 133 ; Hacker vs. Blake, 17 Ind., 97 ; Small vs. Reeve, 14 Ind., 164 ; Norman vs. Lee., 2 Black, [U. S.] 499 ; Sedg. Dam., 4 Ed., 150, 204; James vs. Hayes, 34 Ind., 272, 300 ; Kirtz vs. Carpenter,

5 Johns., 120; Beddoe vs. Wadsworth, 21 Wend., 120; St. John vs. Palmer, 5 Hill, 599; Meadows vs. Hopkins, 3 Porter, 181; Davis vs. Rowland, 2 J. J. Marsh, 27; Barton vs. Rector's Adm'r, 7 Mo., 524.)

III. None but the heirs, creditors, or distributees can object to an administrator purchasing property of the estate being sold at administrator's sale, and then only by attacking the sale before confirmation by Probate Court, or by petition to redeem in a court of equity.

NAPTON, Judge, delivered the opinion of the court.

The action in this case was upon a note for $750, which was in part consideration of a sale and conveyance of certain lots in the city of Brunswick, in the county of Chariton.

The defense was, first, that the vendor fraudulently misrepresented the exact exterior lines of the lots, by stating that they were marked by the fences around them, which was un-. true; and that the defendant was damaged by such false representations to the amount of $1000; and, second, that the plaintiff represented to the defendant that he had a good title, when the title was in the heirs of his wife, then dead; and therefore the defendant asked a rescission of the contract.

In regard to the first ground of defense, the court submitted issues to a jury, which were found for the plaintiff, and the court adopted the verdict; and as no stress is laid here upon this branch of the case, the details of the issues, evidence, instructions and decree of the court in reference thereto may be omitted. The court in its decree found, upon this point, "that the plaintiff did misrepresent and conceal the true location of the northern boundary of the lots, at the time negotiations were pending for their sale; but that when defendant finally executed the contract of sale, by paying a part of the purchase money, executing his notes for the balance, and accepting a deed from plaintiff to the lots, he had actual notice of all the facts in the premises; that the fencing represents the true southern boundary of said lots as originally surveyed and marked; that the adjoining proprietors have so acted as

to be estopped from disputing said boundary, and that during the pendency of this suit they have executed and delivered to plaintiff a deed to the disputed ground."

In regard to the second and main ground of defense, the court found upon the hearing as follows : " That the plaintiff was guilty of no fraud in the representations he made about his title; that he represented the same to be good, but at the same time disclosed to defendant the nature and source thereof, and that defendant finally executed the contract of sale and accepted a warranty deed from plaintiff to himself unconditionally, and with actual notice of the true situation of plaintiff's title. The court further finds that plaintiff's title was defective in part in this—that said title was derived from Maria E. Mitchell, deceased ; and the deed of plaintiff as administrator of said Maria E. Mitchell, to Henry L. Gaines, and the deed of said Gaines back to plaintiff, offered in evidence by plaintiff, are void, and vested no title in plaintiff; that by reason thereof the title to the lots in Keyle's addition vested in the heirs of said Maria E. Mitchell, viz : (naming them) ; that by deeds from seven of the heirs the plaintiff had acquired seven-ninths of the title, and two-ninths were outstanding in Laura Bowman, a person of unsound mind, and Sallie Bowman, whose existence and whereabouts were unknown."

The court therefore decrees that the contract remain undisturbed; that the plaintiff recover the amount of the note with interest, but that as the plaintiff was insolvent, a stay of execution be allowed, and the collection of the second note be enjoined, until the plaintiff executes a bond with security to be approved by the court, to secure and save harmless the defendant against any assertion of the two-ninths of the title outstanding ; and the plaintiff and defendant were adjudged to pay each one-half of the costs.

It may be observed that the plaintiff's title was derived from a sale made by him, as administrator of his wife, by virtue of regular proceedings in the Probate Court, at which sale one Gaines became the purchaser ; and that Gaines after-

.wards conveyed, for a nominal consideration to plaintiff. It has never been held in this State, that such a purchase *per interpositam personam* is void, as the court decided it was in this case. It is undoubtedly voidable if timely steps are taken to set it aside.

But we will consider the case as one of a failure of two-ninths of the title, a defect which may or may not produce any inconvenience or expense to the purchaser. There is no evidence that the plaintiff made any false representations as to the title; he supposed himself to have a good title, and he was so advised by his attorney. The defendant received a deed with warranty; took possession of the lots; paid $500 of the purchase money in cash and $2000 in lands, and executed his notes for the remaining $1500 in two notes, one of which is now sued on. This consummation of the contract occurred several months after its execution, and after the defendant was fully apprised of the nature of his vendor's title, and of the source from which he derived it.

The case of Bank of Columbia vs. Hagner, (1 Pet., 455) is relied on in support of the defendant's position in this case. The statement in that case is somewhat obscure; but I infer from what is said, that it was an action for specific performance of a contract. The reporter says, that the plaintiff instituted an action on a special agreement to purchase two lots of ground in the city of Washington; and the judge who delivered the opinion reiterates this statement. The court held that where the vendee had to resort to a court of equity to establish his title, they would not compel him to pay the purchase money, and thus take a law suit instead of the land. We do not consider this and cases of like character as having any bearing on the present.

The doctrine of this court has been that where a party buys a tract of land, receives a deed with warranty, and goes into possession, he cannot defend against a note given for the purchase money upon the mere ground of speculative defects of title, unless there have been fraudulent and false misrepresentations made to him in regard to this title. A mistake of

a vendor as to the validity of his title may easily occur, and his warranty deed is designed to protect the purchaser against such mistakes. It is a dangerous and delicate operation for a court to pass upon a title which nobody is asserting and no one is disputing. The vendee is in possession and no one is controverting his title, except the vendee himself, and this for the purpose of avoiding payment of the purchase money.

As Judge Scott observes in Connor vs. Eddy, (25 Mo., 75) "A purchaser of land, who has taken a conveyance with covenants for title, and is in undisturbed possession, will not be relieved against the payment of the purchase money, on the mere ground of defect of title, there being no fraud in the sale nor eviction." And in the case of Wheeler vs. Standley, (50 Mo., 511) Judge Adams says : " Where there is no fraud and a party receives a conveyance with covenants of warranty for title, he cannot retain possession and set up a failure of title when sued for the purchase money." And this has been the received doctrine here from an early period. In the case of Cooley vs. Rankin, (11 Mo., 643) it was observed : " The vendor is alleged to be guilty of fraud in this, to-wit : in representing he had title when he had none. If this be fraud, then every breach of warranty must be attended with fraud. The sufficiency of a title to land will frequently depend upon questions of law about which the most learned men may differ ; and it would be strange if men who had not made the law their profession were exempt from errors in their opinions and representations on such a subject. There is no principle of equity which holds men responsible for such representations, if made in good faith." And in Barton's Adm'r vs. Rector, (7 Mo., 528) the court say : " A manifest distinction is to be traced through all the cases between executory contracts and those which have been executed. In the latter class, where a deed has been made and possession given, there must be an eviction at law under paramount title, before the court of chancery will interfere ; and the vendor selling in good faith is not responsible for his title beyond his covenants."

The court in this case, adopting the rule in Abbott vs. Allen, (2 Johns. Ch., 519) and finding the plaintiff insolvent, required security against speculative failure on two-ninths of the title, before execution on the judgment for the note sued on should be enforced. No complaint is made on account of this by the plaintiff, and, therefore, the judgment will be affirmed. The other judges concur.