OF THE

# STATE OF MISSOURI

AT THE

**OCTOBER TERM, 1888.**

(*Continued from Volume 96.*)

CRUMB v. WRIGHT, *Appellant.*

1. **Ejectment**: TITLE: FALSE REPRESENTATIONS: BURDEN OF PROOF. Where plaintiff sold land to defendant, taking a deed of trust to secure the purchase price, and became the purchaser at a sale thereunder, and brought ejectment, and defendant alleged in his answer that he was induced to buy the land and give the deed of trust by false and fraudulent representations made by plaintiff respecting the latter's title, the defendant takes upon himself the burden of showing the facts alleged by him, and before he can do so he must show the whereabouts of the title by documentary evidence, or its equivalent.

2. ———: ———: POSSESSION: PRESUMPTION. · The deed of trust being executed to secure notes given for the purchase money,. and defendant being in possession of the land at the commencement of the suit several years after their execution, it will be presumed that he acquired possession from plaintiff at or about the date of his deed from the latter, 'and that such deed was, at least, contemporaneous with the deed of trust. and was a general warranty.

(13)

3. ———— : ———— : ———— : FALSE REPRESENTATIONS. The defendant, upon discovering the alleged fraud, should have abandoned the possession of the premises and proceeded for rescission of the contract. He could not retain possession of the land and the purchase price, also ; and this is true whether the deed contained covenants of warranty or not, whether the plaintiff was solvent or not, or whether or not there was fraud on his part, defendant having paid no part of the purchase money, made no betterments, having enjoyed the rents and profits for years, and his condition not having been altered for the worse.

4. ———— : ———— : GRANTOR AND GRANTEE : ESTOPPEL. Until a grantee has paid the purchase money, he holds, both at law and in equity, in respect to the payment, a relation of duty to the grantor similar to that of tenant to his landlord, and is precluded to that extent, and by a similar estoppel, from invoking to his aid an outstanding title.

*Appeal from Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*Smith, Silver & Brown* and *S. G. Kitchen* for appellant.

The theory of the defense is that the trust deed was fraudulent, and therefore the sale under it was fraudulent. It was proper to set up the circumstances constituting the fraud. *Estes v. Fry,* 94 Mo. 266. If proper to allege the facts, it was competent to prove them. *Ib.* And the trial court erred in excluding defendant's evidence to the effect that the notes and deed of trust securing them were obtained by fraud. *Goff v. Roberts,* 72 Mo. 572. This contest was between the original parties to the notes and deed of trust, the rights of strangers do not intervene and the rejected testimony should have been admitted, and if found to be true, the sale should have been set aside and the deed of trust declared void. *Goff v. Roberts, supra; Estes v. Fry, supra.*

*Houck & Keaton* for respondent.

(1) There was no error in sustaining the objection as to plaintiff's title before his conveyance to defendant and Thomas J. Wright, who was not before the court. It is not alleged nor attempted to be proven—nor could it be so alleged or proven with even the shadow of truth—that the plaintiff is not solvent, and plaintiff's warranty is ample protection to defendant and said Thomas J. Wright, if plaintiff's title should fail. And this is an attempt to contradict the terms of plaintiff's deed by his own parol evidence, and that, too, in the most objectionable form, which is wholly inadmissible. The witness should state facts, exhibit deeds, etc., and the court then form its judgment from such facts and evidence adduced. *Gregory v. Chambers*, 78 Mo. 294. (2) There is not a *scintilla* of evidence nor proof offered to sustain the defendant's pretended defense set up in second count of defendant's answer. And plaintiff's right to recover is clearly established by the evidence ; and the judgment is for the right party and should be affirmed. *Bank v. Hoeber*, 88 Mo. 37 ; *Mitchell v. McMullen*, 59 Mo. 252 ; *Harvey v. Morris*, 63 Mo. 475 ; *Wheeler v. Standley*, 50 Mo. 509 ; *Wilcoxson v. Osborne*, 77 Mo. 621 ; *Pulliam v. Burlingame*, 81 Mo. 111.

SHERWOOD, J.—Ejectment for the south half of the southwest quarter of section 13, township 27, range 9. The answer, a general denial, and the following : "And defendant, further answering plaintiff's said petition, says that he admits that on the twenty-seventh day of December, 1880, he did execute a deed of trust to plaintiff, which said deed of trust was obtained by plaintiff through false and fraudulent representations made by plaintiff to defendant; that is to say, plaintiff represented to defendant that he was the owner of the land therein described and that he had good right to sell the

same, he, the said plaintiff, well knowing at the time that said representations were false and fraudulent. Defendant further says that by the said false and fraudulent representations so made as aforesaid, he was induced to execute the said deed of trust and the notes upon which the same was based, and for no other nor greater consideration ; that the same was made without any consideration whatever passing from plaintiff or to defendant.'' Prayer, that said deed of trust and the said notes so secured by said deed of trust be declared by the court null and void, and for all other proper relief. Replication, general denial.

Plaintiff introduced testimony showing that defendant was in possession of the premises at the commencement of the suit ; then read in evidence a deed of trust dated December 27, 1880, to secure the notes given for the purchase money, executed by defendant, conveying the land in suit to Collin Morgan, trustee, and deed of trust to plaintiff for said land, executed twelfth day of January, 1884. Plaintiff then testified as to rents and profits, number of acres in cultivation, etc.

On cross-examination, defendant offered to prove by the plaintiff that at the time he conveyed to defendant, he had no title to the land in suit; that defendant was at the time the owner ; that the plaintiff obtained his note and deed of trust through which he now derives his title through false and fraudulent representations to the defendant that he had title to the premises ; that the deed from plaintiff to defendant, which conveyed nothing, was the only consideration for defendant's said note and deed of trust. The court held said evidence inadmissible and overruled the offer of defendant to prove said facts ; to which defendant objected and excepted. Judgment was then rendered for plaintiff and defendant appeals.

The defendant, by his answer, took upon himself the burden of showing that the representations alleged

therein, respecting the title, were false and known by the plaintiff to be false when he made them. In order to do this, it was first necessary for him to show in whom the title was; but this he did not do, nor attempt to do, by any legitimate method known to the rules of evidence. Unless the whereabouts of the title were shown, and shown by documentary evidence, or its equivalent, it would be a vain and useless thing to ask as to fraudulent representations respecting that title. The first step in the case was to show by proper methods the invalidity of plaintiff's title, and next to show the fraudulent representations concerning it, and then to show that defendant, relying on such representations, was induced to become the purchaser of the land. But the truth or falsity of plaintiff's representations respecting his ownership of the land, could not be established without first investigating his title to the land in the proper way, which, as already seen, was not done.

There is not a *scintilla* of testimony or evidence in this record, nor allegation in the pleadings, whether the defendant was the real owner of the premises or not, or whether he was in possession thereof, prior to receiving a deed from plaintiff, nor whether that deed was one of general warranty, indented or poll in form. Inasmuch, however, as the deed of trust was executed on the twenty-seventh day of December, 1880, to secure notes given for the purchase money of the land, and inasmuch as the defendant was in possession of that land at the commencement of the suit, several years after the deed of trust and notes were executed, it may fairly be presumed that possession was acquired by defendant from plaintiff at or about the date of his deed from the latter, and that such deed was at least contemporaneous with the deed of trust, and was in ordinary form, that is, a general warranty, because this is the usual manner of doing business, and courts and juries, in the absence

of opposing evidence, indulge the presumption that the ordinary course of business is pursued. *Fitzgerald v. Barker*, 85 Mo. 13, and cas. cit.

But whether the deed received by the defendant, and under which it must be presumed he took possession, contained covenants of warranty or not, cannot affect the determination of this cause, even were it conceded that plaintiff was guilty of fraudulent representations as to his title, when he sold and conveyed the land to defendant and placed him in possession; because, clearly, defendant could not retain possession of, the land and the purchase price also. *Smith v. Busby*, 15 Mo. 388. To allow the defendant to do so would be to allow him to set off one fraud against another; something not permissible.

The only method open to defendant to pursue upon discovering the alleged fraud was to abandon the possession of the premises and proceed for rescission of the contract: he could not grasp its benefits with one hand and yet shirk and repudiate its burdens with the other. And this is true, whether the deed contained covenants of warranty or not, or whether the plaintiff was solvent or not, or whether there was fraud on his part or not. The defendant had paid no portion of the purchase money nor interest; had made no betterments on the estate granted, and had enjoyed its rents and profits for years, without eviction or threatened eviction, and therefore, even if fraud were committed against him as aforesaid, it had not altered his condition for the worse; it had done him no hurt, and the rule is familiar, that fraud and injury must concur in order to invoke equitable interposition. *State ex rel. v. West*, 68 Mo. 229; *Lenox v. Harrison*, 88 Mo. 491; 1 Sto. Eq. [13 Ed.] p. 227, sec. 203.

Again, the same rule prevails both at law and in equity, announcing that until the grantee has paid the purchase money, "he holds, *in respect to the payment,*

Crumb v. Wright.

a relation of duty to the grantor similar to that of a tenant to his landlord," and is precluded *to that extent*, and by a similar estoppel, from invoking to his aid an outstanding title. Bigelow on Est. [3 Ed.] 429, 294, 284. The rule rests upon principles of justice and good faith; having acquired possession by admitting the title of his grantor and receiving a conveyance from him, the grantee would be guilty of a breach of good faith, if he should attempt to hold the possession thus obtained, in order to assist to defeat the recovery of the consideration without which the conveyance could not have been made, nor possession given.

Frequent instances are to be found in our reports where it has been ruled that a purchaser of land who has taken a conveyance with covenants for title, and is in undisturbed possession, will not be relieved against the payment of the purchase money on the mere ground of defect of title, there being no fraud in the sale nor eviction. *Mitchell v. McMullin,* 59 Mo. 252; *Connor v. Eddy,* 25 Mo. 75; *Wheeler v. Standley,* 50 Mo. 509; *Cooley v. Rankin,* 11 Mo. 643; *Barton's Adm'r v. Rector,* 7 Mo. 528. But these cases are not to be understood as conveying the idea that if fraud had been practiced by the grantor when placing the grantee in possession, that the latter could retain possession of the land as well as resist the recovery of the purchase price; for such a course of action would be inconsistent with itself, repudiating the contract with all of its obligations, but at the same time retaining the possession which the contract had conferred. As a general rule, it will be found that those cases where fraud has been practiced as to title, and the defendant or complaining party has been allowed to retain possession, are exceptional in their character, and the defect or incumbrance does not go to the whole estate, or is very limited in its nature. *Abbot v. Allen,* 2 Johns. Ch. 519, and cases cited.

In most cases, where a right to retain possession of land has been allowed and exercised, is when the defendant or party complainant had a precedent possession and ownership of the land, but was induced by the fraudulent practices of another to believe that the latter had the title, and being thus deceived, accepted a deed from, and became responsible to, the vendor for the purchase money. *Jackson v. Harter*, 14 Johns. Ch. 224; *Fitch v. Baldwin*, 17 Johns. Ch. 161; *Alderson v. Miller*, 15 Gratt. 279, and cas. cit.; *Jackson v. Spear*, 7 Wend. 401; *Mattison v. Ausmuss*, 50 Mo. 551. But in such cases, the fraud or imposition destroys the estoppel, and defeats the covenants for the payment of the purchase money.

In the case at bar, the defense sought to be maintained was virtually a resistance of the payment of the purchase price. It is singular indeed, if a valid ground for such resistance existed, that it did not manifest itself in proceedings to enjoin the sale under the deed of trust. Looking at the whole case, and the faint manner in which the present action was defended, it is to be strongly suspected that the answer was but a sham plea.

Therefore, judgment affirmed. All concur; RAY, J., absent.