## SPURLOCK, Executor, et al., Appellants, v. BURNETT et al.

### Division Two, July 2, 1904.

1. **WILL: By Wife: Defeating Widower's Estate.** A married woman who dies without children or other descendants can not, by her will, defeat her husband's right to one-half of her real and personal property, absolutely, whether he was living with her at the time the will was made or not.

2. **———: ———: ———: Retrospective Statute: Vested Right.** The statute of 1895, declaring what interest the widower shall have in the property of his wife who dies without descendants, applies to any such wife who should thereafter die, whether she and her surviving widower were married prior to its enactment or not. The wife before and since the enactment of that statute had a vested interest in her property, which she could manage free from any interference or claim by her husband, but she did not have a vested right in the mode in which it was to be disposed of after her death. There is a difference between the right to own property, and the right to dispose of it by will. The Legislature does not interfere with vested rights when it declares what shall be done with an owner's property after his death.

Appeal from Atchison Circuit Court.—*Hon. H. C. Timmonds,* Special Judge.

AFFIRMED.

*John P. Lewis* for appellants.

The court erred in finding for defendants for the reason that the law of March 2, 1895, is not an amendment of the law of wills; its terms do not pretend to work a repeal of the law of wills, and such a construction ought not to be forced upon it. Under section 8889, Revised Statutes 1889, then and now in force, she had the right to dispose of all of her property by will, "subject" only "to the rights of the husband, if any, to his curtesy therein." On the other hand the husband could dispose of all of his property "saving the widow her dower." Curtesy upon the one side and dower on the other are the only exceptions under the law of wills, and the act of 1895 does not assume to modify the law of wills. True the widow's homestead, equally with her dower, has been held to be exempt from the testamentary capacity of the husband, but that is under the express provision of the homestead law, which subjects it to the law of "devises, descent," etc. Sec. 5439, R. S. 1889; Buckley v. Buckley, 97 Mo. 76. There is nothing in the act of 1895 to indicate that it was intended in any way to repeal, amend or restrict the wife's testamentary power, as given in said section 8889. Repeals by implication are not favored. State ex rel. v. Slover, 134 Mo. 10. To effect a repeal by implication, the repugnancy between the new statute and the old one must be clear and positive. State ex rel. v. Walbridge, 119 Mo. 389; State ex rel. v. Wofford, 121 Mo. 71; State ex rel. v. Stratton, 136 Mo. 429. The only thing excepted from her testamentary capacity by said section 8889 is that of curtesy, therefore, under a well-known rule, all other things were included in such capacity. State ex rel. v. Fisher, 119 Mo. 357; State ex rel. v. Withrow, 133 Mo. 513; Howell v. Stewart, 54 Mo. 400. The new section is more properly a law of descent or inheritance than a law in regard to dower, curtesy or wills. It only applies where the wife dies with-

out any heir "capable of inheriting," then the husband shall be entitled to come in as an heir and take one-half of the estate, subject to debts and liabilities, but that implies the right to cut out the heir by will. The term "absolutely" is not used to indicate that the property becomes his as against his wife, but that what he takes, if anything, is a fee and not a life interest. All statutes should be harmonized. State v. Heeman, 70 Mo. 441; Kane v. Railroad, 112 Mo. 34. All statutes should be given a reasonable and equitable effect. St. Louis v. Lane, 110 Mo. 254. The case of O'Brien v. Ash, 169 Mo. 283, will be urged as deciding this point against us, and in effect it was involved in that decision, but the question does not seem to have been presented by counsel or considered by the court. Other questions were paramount in the minds of both court and counsel. The steady policy of the law has been to liberate the property of the wife from her husband's control. Wills are a favored branch of the law. To prohibit her from making a will in a case like this would, nine times out of ten, in effect, amount to a transfer of her property to him. The more he may have abused and mistreated her, and the less he may have merited her property, the more likely, under the law as contended for by defendants, would he be to obtain it. Such a construction of the law is not equitable, fair nor reasonable. It is not required. It is contrary to the spirit of the law of wills and of the laws affecting married women and should not be made.

*L. D. Ramsay* for respondents.

Every point raised by appellants has been determined by this court in O'Brien v. Ash, 169 Mo. 299; Ex parte Handler, 176 Mo. 388; and Waters v. Herboth, 178 Mo. 171.

BURGESS, J.—This case was before this court upon a former occasion and is reported in 170 Mo. 372, wherein the facts are fully stated. The judgment was then reversed and the cause remanded in order that the legatees under the will might be made parties.

After the judgment was reversed and the cause remanded all of the heirs of Mary A. H. Burnett were made parties plaintiff, and they filed an amended petition. Thereafter, Rodney Burnett died, and his death being suggested, and admitted, an amended petition was filed making all of his heirs parties defendant.

Upon the trial of the cause the court made the following finding of facts and rendered the following judgment and decree:

"Now at this day the above-entitled cause coming on to be heard, and all the plaintiffs and the defendants appearing by their respective attorneys and announcing ready for trial, and the cause being submitted to the court upon the pleadings, the admissions and evidence, the court doth find the following to be the facts, to-wit:

"The plaintiff, John E. Spurlock, is the duly qualified and acting executor of the last will and testament of Mary A. H. Burnett, deceased, who died in January, 1899, in Atchison county, Missouri; the defendant, John D. Dopf, is the duly qualified and acting executor of the last will and testament of Rodney Burnett, deceased, who died in said county and State in March, 1903; at the time of the death of said Mary A. H. Burnett she owned the following described real estate situated in said county and State, to-wit: The east half of the northwest quarter of section twenty-seven, in township sixty-four of range forty-one, and lots one and two in block two of Bischoff's addition to the town of Rockport; also personal property of the value of about twenty-five hundred dollars; by the terms of her last will she bequeathed to said Rodney Burnett twenty-

five dollars in full and in lieu of all and every interest, if any, which he might have in her property, both real and personal; at the time of the death of said Mary A. H. Burnett, she and said Rodney Burnett were husband and wife, although not then living together, they having been duly married in the year 1878; said Mary A. H. Burnett died without any child or other descendant in being capable of inheriting; no child was ever born of said marriage; both of said wills were duly probated, and within twelve months after the death of said Mary A. H. Burnett and within twelve months after the probate of said will of said Mary A. H. Burnett, her widower, said Rodney Burnett, renounced the provisions of said will and elected to take under the provisions of section 2938 of the Revised Statutes of 1899; by said will of said Mary A. H. Burnett, said John E. Spurlock, as executor thereof, was authorized and directed to sell all the real and personal property of said testator, Mary A. H. Burnett, and after the payment of all her debts and expenses of administration and the legacy of $25 to her husband, aforesaid, the net remainder of her estate was bequeathed as follows: One-half to Bishop Hartzell, Bishop of the African Mission, who is the plantiff Joseph C. Hartzell, and of the other half $200 was bequeathed to the plaintiff, Triphena Kirkham, and the remainder was bequeathed in equal parts to the plaintiffs Surrelda A. Sandusky, Ann Mary Mitchell, Sarah A. VanHoozen, Mahala Allen and Martha E. Ford. By the said will of said Rodney Burnett, deceased, he devised and bequeathed all his real and personal property, left after the payment of his debts, as follows, to-wit: To the defendants, Fred Burnett, Nannie Burnett and Mamie Burnett, ten dollars each, and to the defendants Rodney Burnett, Jr., and Grace Burnett, each one-sixth of the remainder of his estate, and to the defendant Mary B. Dopf the other four-sixths of such remainder of his estate.

"It is, therefore, by the court considered, adjudged

and decreed that upon the death of said Mary A. H. Burnett, her widower, said Rodney Burnett, became and was entitled to one-half of all the real and personal estate belonging to said Mary A. H. Burnett at the time of her death, absolutely, subject to the payment of her debts, under the provisions of said section 2938 of the Revised Statutes of Missouri of 1899, and, therefore, he became and was the absolute owner of an undivided one-half of all the personal property belonging to said Mary A. H. Burnett at the time of her death subject to the payment of her debts; that said half of said real and personal property, so belonging to said Rodney Burnett, now deceased, together with any and all other property belonging to him at the time of his death, passed to his devisees, hereinbefore named, in the proportion and shares as hereinbefore stated; that the other half of the real and personal property of said Mary A. H. Burnett, deceased, passed to her devisees, hereinbefore named, in the proportion and shares hereinbefore stated, and that pursuant to the provisions of her said will the same should be sold by the executor of her said will, and the net proceeds thereof distributed to her said devisees in the proportion and shares aforesaid; that the real and personal estate to which said Rodney Burnett, as widower of said Mary A. H. Burnett, became and was entitled as aforesaid, should be, and hereby is, charged with one-half of the costs and expenses of administering the estate of said Mary A. H. Burnett; and that the costs of this suit be, and they hereby are, taxed one-half against the plaintiffs and one-half against the defendants.''

Plaintiffs in due time filed their motion for new trial, which being overruled, they appeal.

It is said for plaintiffs that the court erred in finding for the defendants, for the reason that the law of March 2, 1895 (Laws 1895, p. 169), is not an amend-

ment of the law of wills, and is not susceptible to such construction.

The argument is that under section 8869, Revised Statutes 1889, then in force, Mary A. H. Burnett had the right to dispose of all her property by will, subject only to the rights of her husband, if any, to the curtesy therein. To this contention we agree. The act is an amendment to chapter fifty-five of the Revised Statutes of 1889, entitled "Dower," by adding a new section thereto to be known as section 4518a. It provides that "when a wife shall die without any child or other descendants in being capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payment of the wife's debts." That the purpose of the act was to limit the right of the wife to dispose of her property by will is clear, but as is said in the recent case of Waters v. Herboth, 178 Mo. l. c. 171, "in that particular her right was not more restricted by that statute than was her husband's right to dispose of his property by will under like condition restricted under sections 2938, 2939, Revised Statutes 1899. The two sections stand together in the revision, and were so intended by the lawmakers. They were intended to form, when taken together, one law establishing the relative rights of the husband and the wife in the property of each other under the same conditions, the only difference being that the husband's estate is required to make restitution of certain property he received from his wife in addition to one-half of the property held by him in his own right at the time of his death. The twin sections are as follows:

"'When a wife shall die without any child or other descendants in being capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her

death, absolutely, subject to the payment of the wife's debts.'

" 'When the husband shall die without any child or other descendants in being, capable of inheriting, his widow shall be entitled: First, to all the real and personal estate which came to the husband in right of the marriage, and to all the personal property of the husband ·which came to his possession with the written assent of the wife, remaining undisposed of, absolutely, not subject to the payment of the husband's debts; second, to one-half of the real and personal estate belonging to the husband at the time of his death, absolutely, subject to the payment of the husband's debts.'

"The use of the same words to express the legislative intent in reference to the half of the wife's property which the husband is to have when she dies childless that are used to express the like intent in reference to her half of his estate when he dies childless, shows that it was the intent to put the one as much beyond the wife's right to make a will as it was to put the other beyond the husband's right to make a will. We hold that the interest given the husband in the one section and that given the wife in the other are equally beyond the right of either to defeat by will."

The interest given by the husband by the law of 1895 is one that the wife can not defeat by will, such law, and section 2939, Revised Statutes 1899, providing for division by widow in her husband's estate, being intended to form one law, establishing the relative rights of husband and wife in the property of each other. It would seem that the object of the lawmakers in passing the act of 1895, was, as near as practicable, to place husband and wife on an equal footing so far as his rights as her widower in her estate, and her rights as widow in his estate, were concerned. The law only applies to property owned by the wife and undisposed of by her at the time of her death.

In O'Brien v. Ash, 169 Mo. l. c. 297, it was held:

"No right of the plaintiff's wife to the land in controversy is or can be invoked in this case, to call for a discussion of the questions of vested rights of the wife. She is dead, and it is now a question of how the property belonging to her during life, is to be disposed of, and in that subject she could not be said to have had a vested interest which the act of 1895 in any way disturbed. The chief difficulty that has arisen in this controversy has been in the failure of appellant's counsel to recognize the distinction between the right to own and hold property, and the right to dispose of same by will. The one is a natural right of the citizen, which, when acquired under existing laws, becomes a vested right, and not subject to be defeated by subsequent legislation; the other a creation of legislative enactment and subject at all times to legislative regulation and change. So long as plaintiff's wife was alive to enjoy the use of her property, it belonged to her, free from legislative interference, and the act of 1895 could have no effect or influence upon it, or of her use or disposition of it whatever, but when death came and she could no longer enjoy it, her acquisition ceased, and with it the right to direct its future use and ownership only as the legislative will was indicated by the statute then in force upon that subject."

It is said that Mr. and Mrs. Burnett were married and the property in question acquired by her before the act of 1895 was passed, and did not apply to such property; in other words, if so, it was retrospective in its operation, and therefore invalid. But that question is in effect ruled adversely to this criticism in O'Brien v. Ash, supra.

The act of March 2, 1895, was also held to be constitutional in that case and again in Waters v. Herboth, supra.

For these intimations the judgment should be affirmed. It is so ordered.

All concur.