### O'SULLIVAN *v.* NEW YORK EL. R. Co. *et al.*

(*Superior Court of New York City, Special Term.   July 1, 1889.*)

1. INJUNCTION—PARTIES—NUISANCE.
   In an action to enjoin a nuisance, both the lessor and lessee of the structure constituting the nuisance are necessary parties.

2. ACTION—MISJOINDER—INJUNCTION.
   A complaint which alleges that the defendant's structure is a permanent, unlawful nuisance, inflicting irreparable damage on plaintiff's property, and which prays for a permanent injunction, and that the damage inflicted may be ascertained and adjudged to plaintiff, does not improperly unite two causes of action.

On demurrer to complaint.

Action by Eugene O'Sullivan against the New York Elevated Railroad Company and the Manhattan Railway Company.   The complaint alleges that the railroad of the defendants is a permanent, unlawful nuisance, inflicting irreparable damage upon the plaintiff's property, and that the defendants had no right to build or operate their railroad upon the plaintiff's premises, and prays "that the defendants, and each of them, be perpetually enjoined and restrained from operating their said railroad in Pearl street running in front of, or past, or over, or upon the said plaintiff's two parcels of land and premises, or either of them, and that they remove their said railroad and structure from said Pearl street in front of plaintiff's said two parcels of land and premises, and each of them, until they have made to the said plaintiff proper and adequate compensation for the damage and injury already inflicted and hereafter to be inflicted upon him by reason of the construction, maintenance, and operation of said railroad."   And further prays "that the damages sustained by the plaintiff by reason of the construction, operation, and maintenance of said railroad, down to the time of trial of this action, may be ascertained and determined by the court, by the judgment herein, and that the plaintiff may have judgment therefor and for the recovery of the same, and that he may have such other and further judgment, order, or relief in the premises as may be right and equitable."

*Evarts, Choate & Beaman,* (*Thomas T. Sherman* and *Wm. V. Rowe,* of counsel,) for plaintiff.   *Davies & Rapallo,* (*Brainard Tolles,* of counsel,) for defendants.

O'GORMAN, J. This is a demurrer to the plaintiff's complaint on the grounds that causes of action are improperly united in the complaint, and that the complaint does not state facts sufficient to constitute a cause of action against the defendants, or either of them. The action is brought on the equity side of the court for the purpose of obtaining equitable relief by way of injunction, perpetually restraining the defendants, and each of them, from inflicting or continuing to inflict on the plaintiff the injuries to his real estate in Pearl street, which are admitted by the demurrer. One of the defendants, the New York Elevated Railroad Company, inflicted the first trespass on the property of the plaintiff, in the proceedings taken by it in the construction of the Elevated Railroad upon his said real estate. That defendant before any use was made of the structure, and on or about the 20th day of May, 1879, leased the structure so erected to the second defendant, the Manhattan Railway Company, and the said second defendant has occupied the said structure and used it for the transit of its cars since that time, inflicting, as well by the continuance of said structure as by its use of the same, trespasses on the plaintiff's property.

The purpose of the action is to obtain equitable relief preventing forever the recurrence and continuance of these trespasses. This is the relief prayed for.

In order to enable the court effectually to give this perpetual relief it was necessary that all parties having a substantial interest in the title to the structure and its use should be made parties. *Bridge Co.* v. *Lewis,* 63 Barb. 115. Thus it was proper and necessary that the lessor as well as the lessee should be made parties, so that the person entitled to possession of the structure, in case of termination of the lease for any cause, should be affected by the judgment of the court, perpetually restraining the continuance of the trespass. *Taylor* v. *Railroad Co.,* 50 N. Y. Super. Ct. 340; *Bridge Co.* v. *Lewis, supra,* 114, 115; *Irvine* v. *Wood,* 51 N. Y. 224, 230.

I see no reason to regard the uniting the causes of action here, as constituting ground of demurrer. The action is not brought in form or in essence to recover damages from either of the defendants, nor is that the main or principal cause or purpose of this action. The purpose of the action was clearly to obtain equitable relief enjoining forever the commission of the trespass begun by one of the defendants and continued by the other.

A court of equity, having acquired jurisdiction of the defendants, and being justified in granting the equitable relief by way of injunction against them, as prayed for, had the power to grant also, as incidental relief, a judgment for such damage to plaintiff's property as had been inflicted by the defendants, or either of them, to make payment of the amounts found to be proper compensation for damages,—part of the conditions it might impose for withholding its equitable relief. *Uline* v. *Railroad Co.,* 101 N. Y. 121, 123, 4 N. E. Rep. 536; *Pond* v. *Railway Co.,* 112 N. Y. 186, 188, 190, 19 N. E. Rep. 487; *Williams* v. *Railroad Co.,* 16 N. Y. 111, and *Henderson* v. *Railroad Co.,* 78 N. Y. 428–431, 434, 436, 437, *et seq.* This course a court of equity, is justified in taking, in order to prevent multiplicity of actions, and grant in the one suit such ample and comprehensive relief as will put an end to unnecessary litigation. *Henderson* v. *Railroad Co., supra,* 431. The learned counsel for the defense justifies his demurrer on the theory that this is an action at law, brought mainly and directly to obtain payment of damages inflicted. The form and substance of the complaint, however, do not sustain that contention. The complaint, in its statement of facts, is necessarily, and to a great extent, narrative, but the cause of action is one, and applicable to each defendant, as is also the main relief asked for.

The facts, as alleged and admitted by the demurrer, sufficiently show the plaintiff's right to a perpetual injunction against both and each of the defendants; against the Manhattan Railway because of its present occupation and

use of the structure, to the damage of the plaintiff; and against the defendant the New York Elevated Railroad by reason of its continuing title in the structure as lessor, and its possible possession on the cessation of the lease, which, by its terms, must occur at a fixed and attached period, and may possibly occur at an earlier period.  The fact that the time for the termination of the lease is by the terms of the lease itself remote does not make any material difference in this action, in which the injunction sought for by the plaintiff is perpetual.  These views of this contention are, in my opinion, well sustained by the authorities above referred to, and numerous other authorities.

The demurrer must be overruled, with costs, but with leave to answer within 20 days from this date.