SPURLOCK, Executor, Appellant, v. BURNETT.

Division Two, December 2, 1902.

1. **Necessary Parties:** LEGATEES UNDER A WILL: WIDOWER'S STATUTORY INTEREST. The legatees named in the will of a married woman who died without children or other descendants and left a will by which she expressly cut out her husband and gave her property to others, are necessary parties to a suit by the executor to determine what interest her surviving husband took under the statute of 1895.

2. ————: PRACTICE: DETERMINATION OF ISSUES RAISED. The Supreme Court was not organized for the purpose of deciding mere abstract propositions of law. It will not determine the effect of a statute until all persons who will directly be affected by its decision are made parties, if it is patent from the face of the record that necessary parties have been omitted. Therefore, as a complete determination of the question of what interest the surviving husband takes under the statute of 1895 in the estate of his wife who died without descendants and by will gave her property to others, can not be had without bringing in such legatees, the court will not decide, in a suit by the executor against the husband alone, whether or not that

statute applies to husbands who were married prior to its enactment, or to estates inherited by the wife prior to its enactment, nor whether or not the husband's interest in his wife's estate can be cut off by the wife's will, but will remand the cause so that the trial court may order the necessary parties to be brought in by an amendment of the petition, or by a supplemental petition and a new summons.

Appeal from Atchison Circuit Court.—*Hon. Gallatin Craig,* Judge.

REVERSED AND REMANDED.

*John P. Lewis* for appellant.

*L. D. Ramsay* for respondent.

BURGESS, J.—This is a proceeding in which the plaintiff Spurlock, as executor of Mary A. H. Burnett, deceased, sues to quiet title to certain land described in the petition, and to invoke the aid of the court in the administration of her estate.

The facts are but few, and as to them there is no controversy. They are briefly stated by plaintiff as follows:

Mary A. H. Burnett died January 23, 1899, leaving, in real and personal property, about $10,000. She had been married to defendant, Rodney Burnett, about twenty-two years, but had been separated, though not divorced, from him for ten years before her death. She died testate and without children or descendants. She was a widow at the time of her marriage to Rodney Burnett, her former husband's name being Thomas L. Holland, who had left a will, under a construction of which the Atchison Circuit Court, at its September term, 1899, held that between $4,000 and $5,000 of her estate, more than she had supposed, properly belonged to said Thomas L. Holland's estate. This reduced her property to between $5,000 and $6,000 in both real and personal property. Under her will she required all her property, real and personal, to be sold and converted

into money as soon as it could judicially be done, and that, after paying her debts and two or three legacies, one of which was $25 to her husband, she required the balance of her estate to be divided into two equal parts. One-half she gave to charitable purposes, the other half she distributed to certain of her relatives. She left several pieces of real property. The will as stated gave full power to the executor to sell the lands, in fact required him to do so. No children were ever born of the marriage with Rodney Burnett. Her will gave him the $25 in lieu of all interest ·of every kind, if any he had in her estate. Burnett filed in the probate court and also in the recorder's office an instrument purporting to be a renunciation of the provisions of the will in his favor, and asserting a claim to one-half of the real and personal property, subject to the debts, of which his wife died seized. There is nothing to show for whose fault they were living separate.

Not long before her death, deceased, desiring to sell 120 acres of her land, and said Burnett desiring to sell 80 acres of his land, they, by mutual agreement, signed each the other's deed, she releasing her dower in his land and he joining with her in her deed. Out of the 120 acres, which was conveyed by her to one John A. Rhoades at $6;500, an eighty, or two-thirds, was afterwards held to belong equitably to the Thomas L. Holland estate, as above mentioned.

Defendant Burnett sets up his claim to one-half of the estate under an act passed in 1895 (Laws 1895, p. 169) purporting to amend the dower law, called section 4518a, Revised Statutes 1889, which provides that "when a wife shall die without any child or descendants in being capable of inheriting, her widower shall be entitled to one-half of the real and personal estate belonging to the wife at the time of her death, absolutely, subject to the payment of the wife's debts." All of the property was acquired before the Act of 1895, and most of it before the marriage to Burnett.

Under this state of facts it was and is impossible for the executor to fully administer the estate, or to sell

the lands until the question is determined whether defendant has any interest therein.

The court below gave a decree for the defendant against plaintiff for costs, and also awarding and decreeing to defendant what the court pleased to call a dower interest in one-half of all such estate, and the plaintiff has appealed to this court.

Appellant contends, among other things:

First, that this grafting of a section, amending the law of descent, upon the Dower Act, is unconstitutional as a matter of form.

Second, that if sustained as to pre-existing marriages, its effect would be retrospective and would also be depriving her of her property without due process of law.

Third, that the act in question does not amend or affect the law of wills, and that she had the unimpaired right to dispose of her property by will the same after as before the passage of the act.

The court found for defendant, and rendered judgment accordingly, as follows:

"Now, on this 20th day of October, 1899, this cause coming on to be heard upon the petition and answer and the admissions made and proof taken therein, and having been argued by counsel for the respective parties, and the court having duly considered the same, doth find that the said Mary A. Burnett, deceased, and the defendant, Rodney Burnett, were married to each other about the year 1878; that they lived together as man and wife until about the year 1889; that while they remained man and wife from that date until the death of said Mary A. Burnett, yet they did not live together; that Mary A. Burnett died about the —— day of February, 1899, leaving no child or other descendant capable of inheriting her estate; that she left an estate worth $5,-000 to $6,000 and left no debts. That the Legislature of the State of Missouri in 1895, passed a statute providing that should any woman die leaving no child or other descendant capable of inheriting her estate, her husband should be endowed with one-half of her real

and personal property, subject to the debts of the deceased wife. That said Mary A. Burnett made a will, but that said will was made long after the going into effect of said statute; that in said will she bequeathed to said Rodney Burnett the sum of twenty-five dollars to be in lieu of dower.

"That within twelve months after the probating of such will and within twelve months after the death of said Mary A. Burnett, and within twelve months after the said John E. Spurlock was qualified as executor, to-wit, on the 24th day of March, 1899, the said Rodney Burnett duly renounced said will and declared his intention to claim under and by virtue of said statute and duly filed said renunciation in the office of the recorder of deeds in said county; and in the office of the judge of the probate court of said county, as the law directs in case of the renunciation of a will by a widow. Whereupon it is ordered, adjudged and decreed by the court that the finding be for the defendant, Rodney Burnett, and that he be endowed absolutely with an undivided one-half of the property, real and personal, of which said Mary A. Burnett died possessed and seized, subject to her debts, if any, and that he receive his costs in this behalf expended and that he have execution therefor."

To which finding and judgment plaintiff then and there excepted, and plaintiff filed his motion for new trial, which was by the court overruled, to which ruling plaintiff excepted.

It is manifest from the foregoing statement that the legatees under the will of Mrs. Burnett are necessary parties to this proceeding. They are directly interested in the estate, and as they are not made parties this court is called upon to decide mere abstract propositions of law, a purpose for which it was not organized. [State ex rel. v. Sanderson, 54 Mo. 203.]

As the legatees are not made parties to the proceeding, the judgment of the court is as to them a nullity, and as it was patent upon the face of the petition that a complete determination of the controversy could not

be had without their presence, the court should have ordered them to be brought in by an amendment of the petition, or by a supplemental petition and a new summons. [Sec. 658, R. S. 1899; Butler v. Lawson, 72 Mo. 227; Railroad v. Anthony, 73 Mo. 431; O'Fallon v. Clopton, 89 Mo. 284; McLeod v. Snyder, 110 Mo. 298.]

The judgment is reversed and the cause remanded, to the end that the court below may order the legatees to be made parties.

All of this Division concur.