State of Missouri ex rel. Ben Ely, Jr., Prosecuting Attorney, Appellant, v. Augustus Bandall, John M. Howell and Henry Murray, Respondents.*

St. Louis Court of Appeals. Opinion filed November 8, 1927.

1.—Nuisances—Abatement—Injunctions—Parties—Owner of Fee. A suit to abate or restrain a nuisance must be brought against the owner of the fee unless the nuisance complained of is of such a character that his presence in the suit is not necessary to a complete determination of the controversy.

2.—Same—Same—Same—Same—Lessor. In a suit to abate or restrain a nuisance on leased premises, the lessor is a necessary party defendant unless the nuisance complained of consists simply of acts or movable structures of the lessee in which the lessor is not concerned.

3.—Injunctions—Intoxicating Liquors—Abating Nuisance—Owners Tenants by Entirety—Necessary Parties. In a suit in equity asking for the issuance of an injunction against defendants, restraining them from handling intoxicating liquors upon certain premises described in the bill, and praying that the premises be ordered closed for the period of one year under section 6594b, Revised Statutes 1919, as enacted by Law 1921, p. 415, where it appeared that the owners of the fee held the premises as tenants by the entirety, held that both the husband and wife were necessary parties defendant, without whose presence in the litigation the relief sought by complainant could not be granted.

4.—Parties—Necessary Parties—Determination of Controversy. Under section 1275, Revised Statutes 1919, providing that, when a complete determination of a controversy cannot be had without the presence of other parties, the court may order them to be brought in by an amendment of the petition, or by a supplemental petition and a new summons, persons necessary to a complete determination of a controversy, within the meaning of the statute, are those persons not parties thereto, whose rights must be ascertained and settled before the rights and liabilities of the parties to the suit can be finally determined.

5.—Same—Same—Same—Statute Liberally Construed. Section 1275, Revised Statutes 1919, providing that, when a complete determination of a controversy cannot be had without the presence of other parties, the court may order them to be brought in by an amendment of the petition or by a supplemental petition and a new summons, being remedial, must be liberally construed.

6.—Same—Same—Same—New Parties—Discretion of Trial Court. As a general rule, the question of whether a new party shall be brought in rests in the sound discretion of the trial court, which is reviewable only for abuse; such discretion, however, should be exercised not only in behalf of those who are already parties to the proceeding, but also for the protection of the rights of those who are absent from the record.

7.—Injunctions—Intoxicating Liquors—Abating Nuisance—Defect of Parties —Motion to Implead Owner Holding as Tenant by Entirety—Overruled— Error. In an action to restrain the handling of intoxicating liquors upon certain premises, and praying that the premises be ordered closed for the period of one year under section 6594b, Revised Statutes 1919, as enacted by Laws of 1921, p. 415, where it appeared that the owners of the fee held

the premises as tenants by the entirety, denial of a motion that the wife who had not been made a party to the suit be impleaded as a party defendant with the husband held error where near the close of the defendants' evidence the proof of the wife's interest in the property appeared for the first time, and there was an absence of any showing of fraud or lack of good faith on the part of the applicant.

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, p. 798, n. 32; Intoxicating Liquors, 33CJ, p. 697, n. 44; Nuisances, 29Cyc, p. 1238, n. 66; p. 1239, n. 67, 72; Parties, 30Cyc, p. 126, n. 48; p. 127, n. 54; p. 141, n. 67; Pleading, 31Cyc, p. 470, n. 79; p. 476, n. 32; p. 477, n. 50, 52; p. 478, n. 54.

Appeal from the Hannibal Court of Common Pleas.—Hon. Charles T. Hays, Judge.

REVERSED AND REMANDED.

*Ben Ely, Jr.*, Prosecuting Attorney and *Walter Stillwell*, Assistant Prosecuting Attorney, for appellant.

*Roy Hamlin*, of Counsel.

(1) The owners in fee are not necessary parties in an action for an injunction under the prohibition law, particularly when, as in the instant case, the property was to remain, according to the lease, in the possession of the lessee for more than a year, and the lessee was liable for the payment of rent during all the time that the building might have been "padlocked." Denapolis v. U. S., 3 F. (2) 722; United States v. Lento, 8 F. (2) 432. (2) But even assuming that there were a defect of parties defendant in that Henrietta Bandall was not made a defendant, still under our law the court should not have decided against the plaintiff on this ground but ought to have ordered the said Henrietta Bandall to have been made a defendant and process issued for her. Sec. 1275, R. S. 1919; Hayden v. Marmaduke, 19 Mo. 403; Butler v. Lawson, 72 Mo. 227; O'Fallon v. Clopton, 89 Mo. 284 at 290; Robinson v. Kind, 23 Nev. 330; Osterhoudt v. Ulster County, 98 N. Y. 239; Uhlfelder v. Temson, 15 App. Div. 436; Person v. Fidelity & Casuality Co. (6th Ct. 1899), 92 Fed. 965, 35 C. C. A. 117; 15 Cyclopedia of Pleading & Practice, p. 765. (3) Assuming then that the failure to join Henrietta Bandall as a party defendant did not warrant the court's decision for the defendant, the evidence was clearly sufficient to show beyond doubt the existence of a nuisance under the prohibition act, and hence the injunction ought to have issued. Laws of 1921, p. 415 et seq; Dietz v. Cavender, 208 N. W. 54, 201 Iowa, 989; U. S. v. Archibald, 4 F. (2) 587; Denapolis v. U. S., supra; Casay v. U. S., 8 F. (2) 709; Lewinshom v. United States (1923 C. C. A. 7th); United States v. Eliert Brewing Co. (D. C. Oh.), 278 Fed. 659; Kathriner v. United States, 276 Fed.

41; Barker v. United States, 289 Fed. 249; United States v. Reisenwaber, 288 Fed. 249; State v. Copeland, 205 Pac. 360; State v. Giroux, 90 Pac. 249.

*J. W. Hays* and *Lewis O'Connor* for respondents.

(1)   Relator in point No. 1 insists that the owners of the fee are not necessary parties in an action for an injunction under the prohibition act, and in his assignment of errors he charges the court with error in refusing to allow relator to amend and implead Henrietta Bandall as party defendant.   The title to the property described in the bill is vested in Augustus Bandall, defendant, and Henrietta Bandall, his wife, as tenants by the entirety, and therefore Henrietta Bandall was a necessary party because the Missouri Prohibition Act does not provide for the owner of the property procuring the possession by executing a bond that intoxicating liquors will not be manufactured, sold and kept about the building.   The rights of Henrietta Bandall with reference to this property cannot be litigated and determined without she having her day in court.   The statute abolished the legal unity (so far as the control of property is concerned) of husband and wife, but did not abolish the estate by the entirety.   Each is entitled to the possession of all the property as against every other person except the other.   Bains v. Bullock, 129 Mo. 119-120; State v. Gruener (Ia.), 192 N. W. 426.   (2)   The court did not err in refusing plaintiff the right to amend his bill and implead Henrietta Bandall as a party defendant.   The fact that Augustus Bandall and Henrietta Bandall held the property as tenants by the entirety was a matter of public record since 8 o'clock A. M. on the 3rd day of March, 1923, being the date of the recording of the deed from Goodmans to Bandalls, and very slight diligence on the part of attorney for plaintiff would have disclosed to him, when he filed his bill, the very fact that he now seeks to set up by way of amendment.   31 Cyc. 392-393; Collins v. Glass, 46 Mo. App. 302; Singer Mfg. Co. v. Givens, 35 Mo. App. 607-608; Craig v. Carmichael et al., 271 Mo. 522-523; Wilkerson v. Sampson, 56 Mo. App. 282. The advisability of the amendment sought by relator rests in the sound discretion of the court and is a fact to be determined by the court, and the determination thereof will be reviewed only in case of the gross abuse of such discretion.   The presumption is always against the abuse of such discretion. 31 Cyc. 368-369-370; 21 R. C. L. 130, 572-573-574, 579; Chauvin v. Lownes, 23 Mo. 227-228; Allen v. Ransome, 44 Mo. 263, 266-267; Ensworth v. Barter, 67 Mo. 622; Merrill v. City of St. Louis, 83 Mo. 249-250; Joyce v. Growner, 154 Mo. 263; Singer Mfg. Co. v. Givens, 35 Mo. App. 608; Wilkerson v. Sampson, 56 Mo. App. 281-282; Cheney v. O'Brien, 10 Pac. 479; Schmidt v. Braley, 1 N. E. 267; Heniskoeld v. Insurance Co., 64 N.

W. 769; Smith, Admx., v. Electric Co., Ann. Cas. 1917A 1166.   (3)
It is not reversible error for the court to refuse to make separate find-
ings of law and fact in an equity case.   Gaines & Co. v. Whyte Grocery
Co., 107 Mo. App. 532; Miller v. McCaleb, 208 Mo. 573-574.

BENNICK, C.—This is a suit in equity, instituted on March 11,
1926, by the State of Missouri, at the relation of the Prosecuting At-
torney of Marion County, asking for the issuance of an injunction
against defendants, restraining them from handling intoxicating
liquors upon certain premises described in the bill, and praying that
the premises be ordered closed for the period of one year.   The de-
cree of the court was in favor of defendants, and, from the judgment
rendered, the state, after an unavailing motion for a new trial, has
duly perfected this appeal.

The bill charged, in substance, that the unlawful sale of intoxicat-
ing liquor, and the congregation of large numbers of lewd persons on
the premises, both of which had occurred continuously for more than
one year prior to the institution of the suit, constituted a common
nuisance.

The evidence disclosed that the *locus in quo* was owned, at all
times herein involved, by defendant Augustus Bandall and Henrietta
Bandall, his wife, as tenants by the entirety, and that the title to
the property had been so held since March 3, 1923, on which date
the deed to the Bandalls had been duly recorded.   On March 8,
1923, a lease to the property for a term of five years was executed
by the Bandalls in favor of defendant Howell, who thereafter held
possession of the premises, ostensibly operating a restaurant therein
in which defendant Murray was employed as a waiter.

There was evidence that a number of raids of the premises had
been made during the years 1925 and 1926, and that on several
of such occasions liquor had been found.   Furthermore, defendants
Howell and Murray had both pleaded guilty in a justice's court to
a violation of the prohibition law on such premises.   Accounts of
the raids, and of the conviction of defendants Howell and Murray
had been published in a newspaper to which defendant Bandall was
a subscriber, which items, in fact, he admitted having read.

Near the close of defendants' evidence, the proof of Henrietta
Bandall's interest in the property appeared for the first time, where-
upon counsel for the State requested orally that the cause be con-
tinued, that the said Henrietta Bandall be impleaded as a party de-
fendant to the suit, and that summons issue for her.   Upon the
denial of such request, counsel filed a written motion renewing the
request, which motion was in turn overruled.   Certain additional
testimony was thereupon offered on behalf of defendants, at the

conclusion of which the court made the finding we have heretofore indicated.

In their very able brief, learned counsel for the State suggest that the decision of the trial court must necessarily have been based upon one of two theories of law: First, that Henrietta Bandall, one of the co-owners of the fee in the land involved, was a necessary party defendant, without whose presence the bill would not lie; or, second, that the evidence as a whole did not establish the existence of a nuisance, or knowledge thereof on the part of the owners of the fee. Accordingly, counsel assign that the court erred in refusing to implead said Henrietta Bandall as a party defendant, and to order summons to be issued for her, as requested by the State; and in finding the issues for the defendants and against the plaintiff.

In passing upon the issues thus before us, we are squarely faced at the outset with the necessity of determining whether, in an injunction suit brought under the provisions of section 6594b, Revised Statutes 1919, as enacted Laws 1921, p. 415, asking that certain premises be ordered closed for the period of one year by reason of the conduct of the lessee thereof amounting to a common nuisance, the owner of the fee is a necessary party, so that no decree for the complainant can be rendered without the presence of such party. It is the contention of the State on this appeal that the owner of the fee is a *proper*, but not a *necessary*, party, though it would seem that this suggestion comes somewhat as an afterthought, inasmuch as counsel originally brought the bill against one of the co-owners, and not only endeavored most zealously in the trial of the case to have the other co-owner impleaded, but also are here protesting that the court erred in refusing to do what they would now have us believe would have been a wholly unnecessary act on its part.

In attempting to solve this troublesome question, we are left largely to our own thought in the matter, because this precise point appears to be one of first impression in this State. However, we do have the advantage of certain federal decisions *pro* and *con* upon the question, as well as established rules of law which have been declared by very respectable authorities, which will be hereafter cited herein.

We are aware that, in an action to abate a nuisance, brought under the provisions of the National Prohibition Act (Oct. 28, 1919, ch. 85, Title II, sec. 22, 41 Stat. 314), it has been held that the fact that the owner of the premises was not made a party defendant to the government's suit against the lessee, does not invalidate the decree. [Denapolis v. United States (C. C. A.), 3 F. (2) 722; United States v. Lento (D. C.), 8 F. (2) 432.] Such holding appears to have been based, however, upon the rather doubtful reasoning that

the statute conferred upon the owner the right to procure posses-
sion of his property, subject to the discretion of the court, by giv-
ing bond that intoxicating liquors would not thereafter be manu-
factured, kept, or sold thereon. Suffice it to say of this distinction
that, if it is to be made the turning point of the decision, the pro-
vision relied upon does not appear in our state statute, and, there-
fore, the rule would fail of its own weight in the case at bar. The
fact is, that we suspect that the courts have sometimes failed to
bear in mind that a proceeding to abate a nuisance is purely an
equitable proceeding and nothing else, and was not intended as a
means for effecting a forfeiture of property as a penalty for a vio-
lation of the law. [State ex rel. v. Huck, 296 Mo. 374, 246 S. W.
303.]

But, be this as it may, we understand the general rule to be that
a suit to abate or restrain a nuisance must be brought against the
owner of the fee, unless the nuisance complained of is of such a
character that his presence in the suit is not necessary to a complete
determination of the controversy. Thus, in the case of lessor and
lessee, the lessor is a *necessary* party defendant unless the nuisance
complained of consists simply of *acts or movable structures* of the
lessee in which the lessor is not concerned. [29 Cyc. 1238, b.] Not
only is the above test laid down by the text-writers, but it has also
been expressly applied by the courts in cases which have been so
well reasoned as to be persuasive on the proposition involved.
[O'Sullivan v. New York El. R. Co., 7 N. Y. S. 51; Olmstead v.
Rich, 6 N. Y. S. 826; Pearson v. The International Distillery, 72 Ia.
348, 34 N. W. 1.]

Applying the above rule to the facts in the case at bar, we observe
that the State sought to have the premises themselves declared a
nuisance, and ordered closed for the period of one year. Thus the
injunction was not to go merely against acts of the lessee, or mov-
able structures in which the lessors had no concern, but was also
to be made to apply to the realty in which the lessors had their
reversionary interest, as well as such other rights as may have been
reserved to them under the terms of the lease. Accordingly, under
such circumstances, we cannot escape the conclusion that the
owners of the fee were both necessary parties defendant, without
whose presence in the litigation the relief sought by complainant
could not be granted. [United States v. Gaffney (C. C. A.), 10 F.
(2) 694, and authorities supra.]

In view of the above conclusion, it now becomes incumbent upon
us to determine whether the court erred in overruling the State's
motion to have Henrietta Bandall impleaded as a party defendant,
and in finding the issues for defendants, as it may have done, be-
cause of her nonjoinder.

Section 1275, Revised Statutes 1919, provides that, when a complete determination of a controversy cannot be had without the presence of other parties, the court may order them to be brought in by an amendment of the petition, or by a supplemental petition and a new summons. Manifestly, persons necessary to a complete determination of a controversy are those persons not parties thereto, whose rights must be ascertained and settled before the rights and liabilities of the parties to the suit can be finally determined. Henrietta Bandall, as co-owner of the premises involved, falls within this category.

The above section is clearly remedial, and, consequently, must be liberally construed. By its very terms, it is made to apply during the pendency of the action and at any time before its final determination. [Zeitinger v. Hargadine-McKittrick Dry Goods Co , 298 Mo. 461, 470, 250 S. W. 913; Reyburn v. Mitchell, 106 Mo. 365, 379, 16 S. W. 592; Pratt v. Walther, 42 Mo. App. 491; Bush v. Block & Titus, 193 Mo. App. 704, 713, 187 S. W. 153; 31 Cyc. 476.] It is of peculiar equitable significance, and has been extended in equity cases even to the point of authorizing the appellate court, upon a reversal of the judgment, to direct the joinder of necessary parties. [Zeitinger v. Hargadine-McKittrick Dry Goods Co., supra; O'Fallon v. Clopton, 89 Mo. 284, 10 S. W. 302; Spurlock v. Burnett, 170 Mo. 372, 70 S. W. 870.]

We understand that, as a general rule, the question of whether a new party shall be brought in rests in the sound discretion of the trial court, which is reviewable only for abuse. Such discretion should be exercised not only in behalf of those who are already parties to the proceeding, but also for the protection of the rights of those who are absent from the record. It does appear, however, that, where it is conclusively shown that the controversy cannot be determined as between the parties thereto without the presence of another party as defendant, the application should be granted, in the absence of a clear and convincing showing of fraud or lack of good faith on the part of the applicant. [31 Cyc. 477.] In fact, our own courts have gone so far in construing this statute as to say in no uncertain terms that, when a fatal defect of parties appears, it is the *duty* of the court to order the necessary parties to be brought in, either by an amendment of the petition, or by a supplemental petition and new summons. [Butler v. Lawson, 72 Mo. 227; Hayden's Executors v. Marmaduke, 19 Mo. 403; McLeod v. Snyder, 110 Mo. 298, 302, 19 S. W. 494; Hilton v. City of St. Louis, 99 Mo 199, 207, 12 S. W. 657; Spurlock v. Burnett, supra; 31 Cyc. 470; 30 Cyc. 141.]

In the case at bar, there is nothing to indicate that counsel for the State were guilty of more than lack of diligence in ascertaining

where the title to the property lay. Certainly their application was made as soon as the defect of parties appeared. The existing cause of action would not have been affected by the sustaining of their application, nor would any additional burden have been thereby cast upon those parties already named as defendants to the suit. We conclude, therefore, in the light of the authorities we have cited herein, that the State's motion to have Henrietta Bandall impleaded as a party defendant should have been granted, and that, in so far as the matter was discretionary with the learned trial judge, he must be held to have abused his power.

Accordingly, the Commissioner recommends that the judgment of the Hannibal Court of Common Pleas be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the Hannibal Court of Common Pleas is accordingly, reversed, and the cause remanded. *Daues, P. J., Becker* and *Nipper, JJ.,* concur.