[L. A. No. 11962. In Bank.—January 17, 1930.]

AMBASSADOR PETROLEUM COMPANY (a Corporation) et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Hunsaker, Britt & Cosgrove, Robert B. Murphey and Wm. L. Murphey for Petitioners.

U. S. Webb, Attorney-General, and James S. Bennett for Respondents.

Walter F. Haas, Niel S. McCarthy and Garret W. McEnerney, *Amici Curiae.*

THE COURT.—Prohibition. On September 11, 1929, an action was commenced in the Superior Court in and for

the County of Los Angeles, entitled *People of the State of California, on Relation of Fred G. Stevenot, Director of Natural Resources of the State of California, v. Associated Oil Company et al.,* including among the defendants the petitioners herein. The purpose of the action was and is to enjoin the defendants therein, numbering forty-two and more of the persons, firms, associations and corporations operating oil and gas wells in the Santa Fe Springs area in said county, from the unreasonable waste of natural gas from the wells so operated by said defendants. It is alleged that 70,000,000 feet of natural gas is wasted daily in said area. Upon the filing of the complaint the court issued an order directing the defendants to show cause at a specified time why a temporary injunction should not issue. The order to show cause came on regularly for hearing on October 14, 1929. In the meantime, on October 10th, the petitioners herein filed a demurrer to the complaint and on October 14th they moved the court for an order requiring that some 165 of their lessors and a bank, trustee under a bond issue of one of the petitioners, be made parties defendant in the pending action. This motion was made on the ground that the lessors and the bank were necessary and indispensable parties; that a complete determination of the controversy could not be had without their presence in said action and that, under section 389 of the Code of Civil Procedure, it was the duty of the court to order them in. After argument on this motion the respondent court denied the same on October 18th. On October 21st the present petition for a writ of prohibition was filed. An alternative writ was issued commanding the respondents herein to desist and refrain from taking any further proceedings based upon the allegations of the complaint in said action then pending in the respondent court, except to make an order bringing in some thirty-three parties specifically named in the alternative writ and making them parties in the pending action and that the respondent court do not hear, determine or conduct any proceedings therein until said named parties are brought in.

The pending action was commenced under the authority of a statute of this state enacted for the protection of the natural resources of petroleum and gas from waste and destruction through improper operations in production (Stats.

1915, p. 1404, as finally amended in 1929, Stats. 1929, p. 923).
Section 8b of the act declares that the "unreasonable waste
of natural gas . . . is hereby declared to be opposed to the
public interest and is hereby prohibited and declared to
be unlawful." Section 14b provides: "Whenever it appears
to the director of the department of natural resources that
the owners, lessors, lessees, or operators of any well or wells
producing oil and gas or oil or gas are causing or permitting
an unreasonable waste of gas, he may institute, or have pro-
ceedings instituted, in the name of the people of the State
of California, to enjoin such unreasonable waste of gas. . . .
The owners, lessors, lessees, or operators causing or permit-
ting an unreasonable waste of gas in the same oil or gas
field, although their properties and interests may be sepa-
rately owned and their unreasonable waste separate and dis-
tinct, may be made parties to said action. . . . " This
statute was adopted as an emergency measure, effective im-
mediately upon its approval by the Governor on May 28,
1929, and recited as the reason for its urgency the fact that
at the time of the enactment of the statute there were in
the oil and gas producing fields within the state, approxi-
mately 500,000,000 feet of gas daily blown into the air and
wasted and that new fields being opened up would increase
the amount. The statute purports to provide reasonable
regulations in the production and conservation of natural
gas, to prevent the unreasonable waste thereof, and includes
a plan for the assessment against oil and gas well operators
of a sufficient amount annually to pay for such regulation
and for inspection. The validity of the statute was ques-
tioned by certain of the defendants in the trial court, but its
validity is not brought into question in the present proceed-
ing. For the purposes of this proceeding it will therefore
be assumed that the statute is constitutional in all respects
and that it constitutes a valid enactment under the police
power of the state. The only point now presented for deter-
mination is the contention of the petitioners that the court
exceeded its jurisdiction in assuming to proceed with the
hearing on the order to show cause why a temporary injunc-
tion should not issue without bringing in the alleged indis-
pensable parties.

It cannot be disputed that the respondent court has juris-
diction of the subject matter of the cause pending before

it and of the parties thereto and to that end has the power to decide in the first instance all questions of law and fact properly involved in the case (*United Security Bank & Trust Co.* v. *Superior Court,* 205 Cal. 167 [270 Pac. 184]), subject, however, to the operation of section 389 of the Code of Civil Procedure upon the proceedings during the course of the hearing or trial. ▆ In so far as pertinent herein that section provides: "The court may determine any controversy before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must then order them to be brought in." The meaning, scope and effect of this section has been involved and declared in numerous cases in this state. Its application has, to some extent, resulted in an apparent but not real contradiction in terms. In *Syvertson* v. *Butler,* 3 Cal. App. 345 [85 Pac. 164], it was said that under this section "the power to order others brought in is a discretionary one." In *Solomon* v. *Redona,* 52 Cal. App. 300 [198 Pac. 643], it was said that the requirements of the section are "mandatory." Both declarations are proper when applied to appropriate facts. Whether "a complete determination of the controversy cannot be had without the presence of other parties" may readily involve questions of fact as to which the discretion of the court might be exercised. But when the trial court finds, or the record indisputably shows, that a "complete determination of the controversy cannot be had without the presence of other parties," such parties become necessary and indispensable parties and the section is mandatory and the question then becomes one of jurisdiction in that the court may not proceed without bringing them in. If, nevertheless, it assumes to do so it may be subjected to the prohibitory writ *quousque,* that is to say, until the performance of a certain act, or the happening of a certain event. (*Carter* v. *Superior Court,* 176 Cal. 752 [169 Pac. 667]; *Ash* v. *Superior Court,* 33 Cal. App. 800 [166 Pac. 841].) On the other hand, "the general rule is, that the court will not order new parties defendant to be brought in against the will of the plaintiff, unless the presence of such new parties is necessary to the determination of the action." (*East Riverside etc. Dist.* v. *Holcomb,* 126 Cal. 315, 320 [58 Pac. 817].) Another statement of the

rule is found in *Mitau* v. *Roddan*, 149 Cal. 1 [6 L. R. A. (N. S.) 275, 84 Pac. 145, 147], as follows: "It is the general rule in equity, continued in force by the provisions of the Code of Civil Procedure (sec. 389), that all who are interested in the subject matter of a litigation should be made parties thereto, in order that complete justice may be done, and that there may be a final determination of the rights of all parties interested in the subject matter of the controversy." "The 'other parties' who may be brought in must be persons whose presence is essential to the complete determination of a controversy between the parties who are already before the court." (*Alpers* v. *Bliss,* 145 Cal. 565, 571 [79 Pac. 171, 173].)

Applying the test announced in the last case cited it cannot be doubted that a complete determination of the controversy before the court may be had with the presence of the present parties only. The pleadings on behalf of the state in the pending action conform generally to the allegations of the complaint filed by the attorney-general of Indiana in the leading case of *Ohio Oil Co.* v. *Indiana,* 177 U. S. 190 [44 L. Ed. 729, 20 Sup. Ct. Rep. 576]. The Indiana statute was upheld in an exhaustive treatment of the subject by the Supreme Court of the United States. It is true that the question of necessary or indispensable parties was not involved in that case, but it is significant that the state of Indiana was proceeding thereon against the operators of the gas wells who were the only persons transgressing the statute and as to whom obedience to its commands was sought by injunction. So here the state is proceeding only against those alleged to be violating the statute, viz., the operators of oil and gas wells, who are the only ones capable of altering the conditions which are alleged to be unlawful. If they only who are violating the statute are compelled by injunction to remedy the abuses, a complete determination of the controversy is had as between the parties before the court and constitutional requirements are to that extent satisfied.

Petitioners earnestly urge the other aspect of the equity rule codified in section 389 of the Code of Civil Procedure as applicable to the present proceeding in their favor. It is alleged in their answer that they are operating such oil and gas wells under leases which require them diligently to

prosecute the work of production under penalties of forfeiture of their rights thereunder for failure so to do; that their lessors are entitled to a percentage of the material produced, either in kind or in cash, and that if they as lessees be compelled to conform to any program of conservation of gas imposed by the state, production will be diminished or destroyed with the consequent diminution of the so-called royalties to the lessors. It is therefore argued that any order of injunction against the lessees, either temporary or permanent, will seriously result in prejudice to the rights of the lessors under their leases and will further subject the petitioners to litigation against them prosecuted by the lessors based upon an alleged failure to prosecute production with due diligence. Wherefore, it is claimed, the lessors are indispensable parties defendant to the pending action. The rule invoked is expressed by the Supreme Court of the United States in *Waterman* v. *Canal-Louisiana Bank Co.*, 215 U. S. 33, at page 49 [54 L. Ed. 80, 30 Sup. Ct. Rep. 10], as follows: ''The relation of an indispensable party to the suit must be such that no decree can be entered in the case which will do justice between the parties actually before the court without injuriously affecting the rights of such absent party. (1 Street's Fed. Equity Practice, sec. 519.) If the court can do justice to the parties before it without injuring absent persons, it will do so, and shape its relief in such a manner as to preserve the rights of the persons not before the court.''

Many cases are cited by the petitioners wherein the court has found that certain absent parties were indispensable and has refused to proceed without their presence or where the court has threatened to proceed in their absence and been prohibited from so doing until they are brought in. These cases need not be discussed in detail. Generally it may be said that they involve disputes between private owners or lessees or rival claimants of oil or gas wells or property, or involve conflicting claims of the parties in their private capacities. When the action is one to enjoin the continuance of or to abate a nuisance, a different rule has been applied. For example, in the federal jurisdiction it has been held that the lessor is not a necessary party in actions to enjoin the use of real property for the unlawful purpose. (*Denapolis* v. *United States*, 3 Fed. (2d) 772; *United States* v.

*Lento,* 8 Fed. (2d) 432.) On the other hand, the St. Louis Court of Appeals, in *State* v. *Bandall,* 220 Mo. App. 1222 [299 S. W. 155], held that the trial court committed reversible error in denying the motion of the attorney-general to bring in a co-owner of a defendant owner-lessor when it was discovered during the course of the trial that the absent co-owner had an interest in the property. In *United States* v. *Gaffney,* 10 Fed. (2d) 694, both the lessor and lessee were made parties. In the decision the court said: "In a certain sense the suit was *against the nuisance,* and such a suit must be (as was this one) against the owner of the fee, unless the nuisance be of such a nature that the owner's presence is not necessary to a complete determination of the controversy."

When the purpose and effect of the gas conservation statute of this state are considered, we are unable to say that the presence of the lessors in the pending action is necessary to a complete determination of the controversy. They are not charged with any violation of the law. The lessees have possession of the property and complete control of production operations and when coercive obedience to the state's program of conservation is enjoined upon them by appropriate court action the controversy would seem to be fully determined.

█ The contention of the petitioners to the effect that they will be subjected to actions on the part of the lessors to forfeit their leases, if they obey the injunctive regulations, based on the ground that the petitioners are not prosecuting the production of oil and gas with due diligence is not persuasive. The leases contain the implied covenant that the lessees shall use the property lawfully. (*United States* v. *Gaffney, supra.*) The fact that the royalties of the lessors may be cut down by reason of regulations imposed upon the lessees would not result in any legal prejudice to their rights. If it be assumed that any temporary injunction or final judgment in the pending action may curtail production, such curtailment will be to the extent only that the operations of the petitioners constitute unlawful operations and a statutory nuisance. The interests of the lessors will therefore be curtailed only to that extent. Their interest in the continuance of such a nuisance would not appear to be such an interest as the law contemplates should require them to be brought into the action. Whether they should be allowed

to intervene on their own motion on the ground of interest or on a showing that the petitioners are not prosecuting a defense to said action in good faith are questions not involved in this proceeding. There is nothing in the record to convince us that the issues tendered and joined in the pending action may not as effectually be determined in the absence of the lessors as in their presence and without legal prejudice to them. This conclusion would apply equally to the trustee bank.

It is suggested with much force by the respondents that the petitioners are operating said oil and gas wells under permission and authority granted them by their lessors; that the interests of both lessors and lessees in defeating the pending action are identical in so far as said action may result in a diminution of production and that the petitioners are therefore the representatives of their lessors in defending said action. Certain it is that the interests of the parties so claimed to be represented and the interests of those before the court are not antagonistic. The statute permits the action to be prosecuted against all operators in the area as a class. The interests of the numerous lessors—in many instances the owners of small city lots in a single lease—are so inseparably bound up and identical with the interests of the lessees in the subject matter of the action that both might well be deemed in the same class in the pending litigation. No violence would therefore be done to the doctrine of representation to hold that in defending said action the petitioners are representing their lessors.

The contention of the respondents that the present proceeding is premature is entitled to notice. The petition was filed and the alternative writ was served before the hearing on the order had developed. The respondent judge, in ruling on the motion, announced that at that time he was not satisfied that the lessors should be brought into the action but that if it should appear during the hearing that they should be brought in, a proper order to that end would be made. Notwithstanding this attitude on the part of the court, the present proceeding was commenced.

We conclude that the respondent court committed no abuse of discretion in denying the motion. It will therefore be justified in proceeding as it intends to do.

The alternative writ is discharged and the petition for the peremptory writ is denied.