**George D. BOLLOZOS, and Patricia R. Bollozos, his wife, Respondents,**

v.

**William A. CURRAN and Virginia E. Curran, his wife, and Curran Construction Co., Appellants.**

No. 44662.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 6, 1982.

James E. Hawk, Jr., Clayton, for defendants/appellants.

John G. Young, Jr., Clayton, for plaintiffs/respondents.

CRIST, Judge.

Finding for the Bollozoses (purchasers) on their petition for a declaratory judgment, the trial court nullified the following provision in their Sale Contract with the Currans (vendors) for the purchase and sale of a vacant building lot in the vendors' residential subdivision:

It is understood and the intent of all parties to this contract [sic], that the purchaser, George D. Bollozos, agrees that the home to be constructed upon the property will be constructed by William A. Curran on plans mutually agreed upon by the purchaser and the sellers within a period of two years. This agreement

cannot be assigned, nor the property sold without the knowledge and consent of the sellers, William A. Curran and Virginia E. Curran, his wife. Curran Construction Co. to be General Contractor. The trial court also held against the vendors' counterclaim on the provision just quoted for anticipatory breach of a construction contract. Vendors appeal both the declaration invalidating the Sale Contract provision and the judgment against them on their counterclaim. We affirm.

The vendors are silent about the trial court's nullifying the restrictions in the second sentence of the provision just quoted, so we do not review that aspect of the judgment. The vendors do contend the relief purchasers sought is barred by their "unclean hands," and argue three other points on the assumption the provision's first sentence is an enforceable contract.

■ The purchasers' "unclean hands" is said to be their purchasing another homesite before the stipulated two-year period ended, and in contracting with another builder to construct a residence thereon using the plans for the house the vendors proposed to build. However, if the evidence is viewed in the light most favorable to the purchasers, as it must be, it shows them innocent of "any unlawful or inequitable conduct in the matter with relation to which [they seek] relief . . . ." *Hunt v. Easley*, 495 S.W.2d 703, 707 (Mo.App.1973). During the two-year period commencing with the purchase of the vendors' lot in November, 1977, purchasers met many times with both their architect and vendors to revise and refine the architect's plans for the house. The parties agree that as a result of those meetings there were "plans mutually agreed upon" by the end of the two-year period. However, vendors refused purchasers' repeated requests to itemize the costs of building the house according to the final plans, and refused to make a written commitment to even the over-all cost which was orally estimated to be $205,000. Without parsing the consequences of the price remaining open-ended, one could reasonably conclude the vendors themselves spurred the purchasers' decision to find another homesite. This case is no occasion to bar equitable relief under the clean hands doctrine.

■ The vendors' three remaining points on appeal misjudge the Sale Contract provision they rely on. We will not take up the points separately, as all rest on the assumption the first sentence of the Sale Contract provision set out earlier is an enforceable "construction agreement" or contract. It clearly is not, because in order to be a contract "[i]t has been the general rule that an agreement must fix a price or provide a method to ascertain the price . . . . [authorities omitted]" *Allied Disposal v. Bob's Home Service*, 595 S.W.2d 417, 419 (Mo. App.1980). The provision quoted earlier does neither, and no exception to the general rule applies. The trial court did not err in holding the provision to be a nullity. And there being no contract, the trial court did not err in holding against the vendors on their counterclaim for the anticipatory breach of one.

The judgment is supported by substantial evidence and we find no error of law.

Affirmed.

REINHARD, P. J., and SNYDER, J., concur.